[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The sole assignment of error, which alleges that the trial court erred "in imposing a sentence where the judge exhibited a feeling of hostility toward the accused," is overruled.
Defendant-appellant Scott Schroeder was convicted of nonsupport of dependents and placed on community control on July 16, 1999. Schroeder appeared before the trial court on July 10, 2000, and pleaded no contest to charges that he had violated the conditions of his community control by failing to pay child support. After finding Schroeder guilty, the trial court made the remarks about which Schroeder now complains.
We have reviewed the record and we hold that no prejudicial error occurred. The record does not support Schroeder's claim of "hostility toward the accused" on the part of the trial court. The trial court went out of its way to accommodate Schroeder.
After making the allegedly hostile remarks, the trial court gave Schroeder and his attorney a chance to devise a plan for the payment of the child-support arrearage, which the state calculated as over $24,000. The court then continued the case in order to give Schroeder an opportunity to begin making payments on his child-support obligation. On October 17, 2000, Schroeder again appeared before the trial court without having fulfilled the terms of the support obligation. At that time, Schroeder was sentenced to a period of incarceration.
We point out that in the time between the hearings, from July 10, 2000, to October 17, 2000, Schroeder did not file an affidavit of bias and prejudice with the Ohio Supreme Court requesting that the trial judge be disqualified.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.